*CANEZ & AL.* vs. *SCHR. JAMES M'KINLEY & AL.*

APPEAL from the court of the parish of the city of New Orleans.

Syndics have no right to receive the whole proceeds of a chattel of which their insolvent was a part owner only.

PORTER, J. delivered the opinion of the court. The petitioners commenced this action in the district court, by attachment levied on the schooner James M'Kinley, which they

East'n District
March, 1824.

CANEZ & AL.
vs.
SCHR. JAMES
M'KINLEY &
AL.

averred was the property of Lewis Paimbeuf and F. M'Leod. Paimbeuf having become insolvent the suit was transferred to the parish court, where the proceedings against his creditors were pending.

The vessel attached having been sold under order of the court, the syndics of Paimbeuf took a rule on the sheriff to compel him to pay over to them the proceeds of the sale. No opposition being made by him to the demand, the rule was made absolute.

The plaintiffs, on being informed of this proceeding, moved that the syndics should bring into court the monies received by them under the rule just mentioned. They resisted. and the judge having sustained the application, and decreed accordingly, they appealed.

On the argument in this court the claim of the syndics has been supported on the general principle, that they have a right to all the funds of the estate, in order that they may pay the different debts according to their respective rank.

That of the plaintiff has been urged, on the ground, that one half of the ship attached and sold, belonged to M'Leod, and that consequently the syndics had no right to take into

their possession more than a moiety of the
proceeds of the sale; and that even admitting
they had a right to the whole, the irregularity
committed by them in taking the money out of
the sheriff's hands without giving the appellee
any notice, vitiates the whole proceedings, and
requires of the court to replace the parties in
their original situation.

East'nDistrict.
*March*, 1824.

CANEZ & AL.
*vs.*
SCHR. JAMES
M'KINLEY &
AL.

It was certainly irregular for the appellants
to have their rule made absolute on the sheriff,
without giving notice to those who had an inte-
rest in opposing it. But as the parties are now
before us, and we are enabled to pronounce on
their respective rights, we deem it unnecessary
to remand the cause, in order that the very
same matters should come before us in another
shape. It would be creating delay, and in-
creasing costs, without answering any valuable
purpose.

We are of opinion that the syndics had a
right to take into their possession, all the pro-
perty of the insolvent, and of course that they
were authorised to demand and receive any
monies belonging to his estate. Such are the
express commands of the law, and without such
a right, it would be impossible to adjust the

East'nDistrict.
March, 1824.

CAÑEZ & AL.
vs.
SCHR. JAMES
M'KINLEY &
AL.

conflicting pretensions of creditors, or make a final settlement of the estate.

But we are also of opinion, that they had no right to take into their possession property, or monies, which did not belong to the bankrupt. In the present case, Paimbeuf and another were alleged to be the joint owners of the vessel. No evidence introduced by either party, impugns or contradicts this statement: on the contary, it is stated in the answer filed by the appellee, that Paimbeuf was only part owner. The syndics therefore, could only claim a part of the proceeds. They had no right to collect money belonging to another, and gratuitously undertake the settlement of his debts. Nor could the plaintiffs, who had a right of action against M'Leod, be compelled to await the settlement of Paimbeuf's estate, before they obtained the benefit of the proceedings against their debtor, who had not failed.

It was contended in argument that the court could not notice this right in M'Leod, because he was not made a party defendant. Admitting this to be true, we do not see what right the appellants have to complain of it, or how their claim is increased by this circumstance.

East'n District.
March, 1824.

CANEZ & AL.
vs.
SCHR. JAMES
M'KINLEY &
AL.

It may be a question between the plaintiffs and him, but it is surely one with which the appellants have nothing to do. A recurrence however to the petition shews that the original proceeding was *in rem*, and that neither of the owners were made defendants, or cited. It is true the plaintiffs subsequently moved that the syndics of Paimbeuf should be made parties defendants, and it does not appear that any notice was attempted to be given to the other owner, who was an absentee. Whether it was necessary to do so, or not, we need not say, for we are very clear that on this motion, and between these parties, we cannot enter into the regularity of the proceedings against him.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be annulled, avoided, and reversed, and it is further ordered, adjudged, and decreed, that the syndics of Lewis Paimbeuf do pay into the hands of George W. Morgan, sheriff of the parish of Orleans; the one half of the nett proceeds of the schooner James M'Kinley, received by them under an order of the parish court; and it is further ordered, adjudged, and decreed, that the appellees pay the costs of this

CANEZ & AL.
vs.
SCHR. JAMES
M'KINLEY &
AL.

appeal, and the appellants those arising from this application in the court below.

*Grymes* for the plaintiffs, *Seghers* for the defendant.